| | | |
|---|---|---|
| **JUAN SANTA** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **HOMER BROOKS, et al.** | : | **NO. 13-5579** |

## MEMORANDUM

**SÁNCHEZ, J.**                                              NOVEMBER /7, 2013

Plaintiff Juan Santa, prisoner incarcerated at the Philadelphia Industrial Correctional Center ("PICC"), filed this pro se civil action against several other inmates at the facility.[1] He seeks to proceed in forma pauperis. The Court will grant plaintiff leave to proceed in forma pauperis, but will dismiss his complaint because he has not stated a federal claim and the Court lacks jurisdiction over any state law claims.

Plaintiff alleges that, while he was incarcerated at PICC, the defendants, who apparently were also incarcerated at PICC, stole or interfered with his mail on various occasions. The complaint further suggests that the defendants have threatened and/or harassed plaintiff. As a result of that conduct, plaintiff seeks $3,000 in damages.

The Court grants plaintiff leave to proceed in forma pauperis because he has satisfied the requirements of 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies, which requires the Court to dismiss the complaint if, among other

---

[1] He also named as a defendant "Inmates Power of Attorney Without Owner Consent."

1

things, it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

To the extent plaintiff brings this action pursuant to 42 U.S.C. § 1983, he has failed to state a claim because there is no indication that the defendants are state actors and because the complaint does not allege a plausible constitutional violation. See Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995) ("[A] suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law.").  Nor is any other basis for a federal claim apparent from the complaint.

Although the complaint arguably raises state law tort claims, the Court lacks jurisdiction over those claims.  The only possible basis for jurisdiction is 28 U.S.C. § 1332(a), which grants federal district courts jurisdiction over cases in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of

2

different States." 28 U.S.C. § 1332(a)(1). "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." Spectacor Mgmt. Grp. v. Brown, 131 F.3d 120, 122 (3d Cir. 1997); see also Dardovitch v. Haltzman, 190 F.3d 125, 135 (3d Cir. 1999). Here, the complaint establishes that the amount in controversy is $3,000, which is far below the jurisdictional threshold. As the criteria for diversity jurisdiction are not met, the Court may not exercise jurisdiction over any state law claims.[2]

For the foregoing reasons, the Court will dismiss plaintiff's federal claims for failure to state a claim and will dismiss his state claims without prejudice for lack of jurisdiction. The dismissal of plaintiff's state claims is without prejudice to plaintiff refiling those claims in state court if he chooses to do so. Plaintiff will not be given leave to amend because amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 113-14 (3d Cir. 2002).

---

[2]Furthermore, the complaint does not allege the citizenship of the parties. See Hall v. Curran, 599 F.3d 70, 72 (1st Cir. 2010) (per curiam) (s prisoner is presumed to be a citizen of the state where he was domiciled prior to his imprisonment unless he intends to remain in the state of his incarceration upon release).